**T.S.S. RAJAN, Plaintiff—Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Defendant—Appellee.**

No. 03–15264.

D.C. No. CV–01–00277–PMP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2004.

Decided March 16, 2004.

Richard Segerblom, Attorney at Law, Las Vegas, NV, for Plaintiff-Appellant.

Carlos A. Gonzalez, Asst. U.S. Atty., USLV–Office of the U.S. Attorney, Las Vegas, NV, for Defendant-Appellee.

Before FERNANDEZ, HAWKINS, and THOMAS, Circuit Judges.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM *

Dr. T.S.S. Rajan ("Rajan") appeals the decision of the Secretary of the Department of Veterans Affairs ("VA"), affirmed by the Disciplinary Appeals Board ("the Board") and the district court, to discharge him from his position as a physician at the Las Vegas Veterans Medical Center.

The VA's termination decision was based on seven charges against Rajan, all of which were reasonably deemed by the agency to be violations of the VA's Medical Center Memorandum and a federal regulation prohibiting a government employee from engaging in "conduct prejudicial to the Government." *Leave Administration,* Medical Center Memorandum, 05–98–06 (August 1998); *Employee Conduct,* Medical Center Memorandum, 05–98–25 (September 1998); 5 CFR § 735.203. Under the highly deferential standard of review of 38 U.S.C. § 7462(f)(2)(A), we cannot say that the agency's decision to terminate an employee who had violated the agency's policy memorandum and the applicable, albeit broader, federal regulation was arbitrary and capricious. *See Hotel Employers Ass'n of S.F. v. Gorsuch,* 669 F.2d 1305, 1307 (9th Cir.1982) (agency action must be affirmed if "a reasonable basis existed for its decision");[1] *McClaskey v. United States Dep't of Energy,* 720 F.2d 583, 586 (9th Cir.1983) (dismissal by an agency is excessively harsh "only when the offense committed was extremely minor.").

The district court was also correct to find that, under *Hibbs v. Dep't of Human Res.,* 273 F.3d 844, 873 (9th Cir.2001), Rajan's receipt of "notice [of charges] and an

opportunity to respond" satisfied the due process requirements of a public employer. *See* 38 U.S.C. § 7462(f)(2)(B).

Additionally, even in the face of conflicting evidence, the Board had substantial evidence to conclude that Rajan had violated the norms of professional conduct required of a VA physician. *See In re Transcon Lines,* 89 F.3d 559, 564 (9th Cir.1996) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"); 38 U.S.C. § 7462(f)(2)(C).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Although the Ninth Circuit has not specifically interpreted the arbitrary and capricious standard of 38 U.S.C. § 7462(f)(2), the standard of review directly mirrors the standard

for judicial review of other administrative actions. *See* Administrative Procedure Act, 5 U.S.C. § 706(2); *Rainsong Co. v. FERC,* 106 F.3d 269, 272 (9th Cir.1997).

